**Laurel B. BERG, Plaintiff-Appellant,**

v.

**LaCROSSE COOLER COMPANY, Defendant-Appellee.**

**No. 76–1564.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 1976.

Decided Jan. 21, 1977.

Rehearing Denied March 17, 1977.

Lutz Alexander Prager, Equal Employment Opportunity Commission, Washington, D. C., James G. Birnbaum, LaCrosse, Wis., for plaintiff-appellant.

Joseph D. Becker, Patricia M. Heim, LaCrosse, Wis., for defendant-appellee.

Michael J. Hoare, St. Louis, Mo., for amicus curiae.

Before FAIRCHILD, Chief Judge, and SWYGERT and BAUER, Circuit Judges.

FAIRCHILD, Chief Judge.

On March 30, 1976 plaintiff Laurel Berg applied to the district court for a preliminary injunction requiring defendant La-Crosse Cooler Company to reinstate her to her previous position pending a trial on the merits of her case.

Plaintiff's complaint averred that defendant engages in a number of discriminatory practices adverse to female employees. Unequal pay is made unlawful by 29 U.S.C. § 206(d)(1) and other discriminatory treatment by 42 U.S.C. § 2000e *et seq.* (Title VII). The complaint seeks declaratory, injunctive, and pecuniary relief on behalf of a class of female persons who have been, are, or may be employees or applicants of the defendant. It also averred that plaintiff had been discharged for opposing employment practices made unlawful by Title VII, 42 U.S.C. § 2000e–3(a). The motion for preliminary injunction sought relief only for plaintiff individually and was predicated solely on her claim of unlawful discharge. The date of discharge was March 26, 1976, and plaintiff filed a charge with EEOC, allegedly March 27, though evidently received March 30.

The district court denied the motion. The court concluded that plaintiff had made an impressive showing as to motivation for her discharge and that she had a reasonably good chance to prevail. It was the court's opinion, however, that it had no jurisdiction to issue the preliminary injunction applied for prior to plaintiff's obtaining a right-to-sue notice from EEOC. The court said, in part, "The statute provides that the Commission may seek such interlocutory relief from a federal district court under certain circumstances, § 2000e–5(f)(2), but it makes no similar provision for an initiative by the aggrieved party. I have concluded that it would involve too radical judicial surgery to

infer from the Congressional language such a remedy for the plaintiff."

Plaintiff appealed.

■ Following oral argument, our attention has been called to the fact that as of November 25, 1976, plaintiff has become entitled to obtain a right-to-sue notice. The question arises whether the appeal is moot.

The question whether a district court has jurisdiction to grant to a private party a preliminary injunction in a Title VII suit before the administrative procedures have been exhausted has not been resolved in this circuit, but has brought forth conflicting views in other circuits.[1] Our court has already held that to secure jurisdiction in a Title VII action plaintiff must follow the administrative procedures prescribed by the Act, among them the filing of a charge and receipt of a right-to-sue notice from the EEOC. *Gibson v. Kroger Company*, 506 F.2d 647, 652 (7th Cir. 1974); 42 U.S.C. § 2000e–5(f)(1). See also, *Stebbins v. Continental Ins. Companies*, 143 U.S.App.D.C. 121, 442 F.2d 843, 845–46 (1971). The appellant contends, however, that the jurisdictional prerequisite of a right-to-sue notice should not bar an action for a preliminary injunction while a claim is pending with the EEOC. Specifically she argues that (1) Title VII, 42 U.S.C. § 2000e–5(f)(2), provides that the EEOC may bring an action for a preliminary injunction pending the final disposition of a claim, but that the agency lacks the resources to bring such actions; (2) before the 1972 Amendments to Title VII empowered the EEOC to request preliminary relief, private plaintiffs were granted such relief to preserve the *status quo* pending agency efforts at conciliation, and subsequently the Amendments did not specifically limit the rights of private plaintiffs from obtaining temporary relief; and (3) preliminary relief is more necessary, in

1. The Fifth and Ninth Circuits have apparently permitted the district courts to assume jurisdiction for the purpose of granting preliminary injunctions. *Drew v. Liberty Mutual Insurance Company*, 480 F.2d 69, 72 (5th Cir. 1973); *Berg v. Richmond Unified School District*, 528 F.2d 1208, 1211 (9th Cir. 1975). The Sixth Circuit has, on the other hand, held that preliminary relief is not available until the procedures set

down in Title VII have been followed. *Jerome v. Viviano*, 489 F.2d 965, 966 (6th Cir. 1974). For a more complete discussion of this issue, see Ashton, "The Availability of Preliminary Injunctive Relief to Private Plaintiffs Pending Equal Employment Opportunity Commission Action Under Title VII of the Civil Rights Act of 1964," 8 Loyola Univ.L.J. 51 (1976).

the case of a retaliation charge, 42 U.S.C. § 2000e–3(a), to insure that plaintiffs, who are discharged because they seek to enforce the non-discrimination policies of Title VII, are not injured while their charge is pending.

As of November 25, 1976, however, the passage of time has cleared the way for plaintiff to obtain a right-to-sue notice, amend her complaint accordingly, and renew her motion for preliminary relief. Title VII provides that if other action is not taken within 180 days from the expiration of a "period of reference," the EEOC shall notify the person aggrieved (*i. e.*, send a right-to-sue notice) § 2000e–5(f)(1). The period of reference where the practice occurred in a state or subdivision in which a state or local law authorizes an agency to grant or seek relief from such practice is undoubtedly the 60 days provided by § 2000e–5(c) or (d). Wisconsin is such a state. The EEOC notified plaintiff of its view that the charge was received and deferred March 30, 1976, that the official filing date with EEOC would be May 29, 1976, and that the 180-day waiting period would expire November 25, 1976.

All the plaintiff need now do is ask for and receive the notice and amend her complaint so to allege. See *Gibson, supra*, 506 F.2d at 652. These acts are within plaintiff's power and virtually ministerial. The fact that they have not yet been performed does not, in our opinion, prevent the appeal from being moot.

■ The appellant and the EEOC as *amicus* have suggested that appellate review of a denial of a preliminary injunction ordinarily extends beyond the 240-day waiting period required by law before EEOC issues a right-to-sue notice and, therefore, if we refuse to decide this appeal the question presented is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969). While we agree that the appellate process may often consume the entire waiting peri-

od and other plaintiffs may be confronted with the same problem, nothing suggests that this plaintiff will be so confronted. Any allegation that this plaintiff will again have a similar complaint would be too speculative to meet the "capable of repetition" standard. *Moore, supra*, at 816, 89 S.Ct. 1493. Nor can we find any longer in this appeal the requisite "immediacy and reality" of a substantial controversy between plaintiff and defendant. *Golden v. Zwickler*, 394 U.S. 103, 108–09, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

We have learned from two recent Supreme Court opinions, *Dunn v. Blumstein*, 405 U.S. 330, 333, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972) and *Sosna v. Iowa*, 419 U.S. 393, 399–400, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), that when plaintiffs challenge the constitutionality of durational residency requirements, and the period of residency of plaintiff is satisfied during the pendency of the appeal, the cases are moot unless they are brought as class actions. In *Sosna, supra*, at 400, 95 S.Ct. at 557, the court explained that once the residency requirement had elapsed for an individual plaintiff the case is not "capable of repetition, yet evading review" because that plaintiff is no longer barred from seeking the desired relief by that requirement. The case is not moot only if the controversy remains for the class which the named plaintiff represents. *Dunn, supra*, 405 U.S. at 333, n. 2, 92 S.Ct. 995.

Here the complaint states that the action was brought on behalf of a class. The record does not reflect any determination by the court whether it is to be so maintained, perhaps because of the jurisdictional problem with respect to the claims based on Title VII. But in any event, the controversy with defendant over the jurisdictional problem does not remain for the members of the class any more than for plaintiff. In the application, denial of which is the subject of this appeal, she sought relief peculiar to her individual claim. If she is now permitted to maintain the action as a representative of a class, and seeks preliminary relief for the members of the class as well

as herself, the jurisdictional problem will have been obviated. See *Bowe v. Colgate-Palmolive Company,* 416 F.2d 711 (7th Cir. 1969). *Cf. Troy v. Shell Oil Company,* 519 F.2d 403 (6th Cir. 1975).

The appeal is dismissed.