Katherine **HIDUCHENKO,** Plaintiff,

v.

**MINNEAPOLIS MEDICAL AND DIAGNOSTIC CENTER, LTD., Stuart H. Borken, Benjie Goldfarb, Neil Hoffman, Elliot M. Latts, Burton S. Schwartz and Harold M. Wexler, Defendants.**

**Civ. 4–79–264.**

United States District Court, D. Minnesota, Fourth Division.

Sept. 14, 1979.

Timothy R. Thornton, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for plaintiff.

Frederick E. Finch, Fredrikson, Byron, Colborn, Bisbee & Hansen, P. A., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Defendants move to dismiss this employment discrimination case for failure by plaintiff to comply with the jurisdictional prerequisites of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17 (1976). Specifically, defendants argue that plaintiff failed to bring suit within 90 days of the issuance by the Equal Employment Opportunity Commission (EEOC) of a right-to-sue letter, as required by § 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1). Defendants also assert that plaintiff neglected to exhaust her EEOC and state agency remedies before commencing this federal action, also required by § 706(f)(1). The motion to dismiss is denied, but this action is held in abeyance pending compliance by plaintiff with the exhaustion requirements of § 706(f)(1).

## FACTS

This case has a rather complex procedural history that must be understood in order to resolve the present motion. Plaintiff, a female doctor of Ukranian descent, was hired by defendant Minneapolis Medical and Diagnostic Center in 1971. Her employment was terminated in 1978, allegedly because of her sex and national origin. Plaintiff filed timely charges with the EEOC and Minnesota Human Rights Department on October 2, 1978 and immediately requested a right-to-sue letter, which was issued by the EEOC on October 13, 1978. Plaintiff then commenced a federal court action in this district on October 23, 1978, which was assigned to Judge Alsop.

Judge Alsop dismissed plaintiff's Title VII claim on March 23, 1979, for lack of jurisdiction. *Hiduchenko v. Minneapolis Medical & Diagnostic Center, Ltd.,* 467 F.Supp. 103 (D.Minn.1979). He found the court's jurisdiction to be defective for two reasons: first, plaintiff did not defer to the EEOC for 180 days prior to bringing suit, and second, she did not defer to the Minnesota Department of Human Rights for 60 days, both of which are required by § 706 of Title VII. Judge Alsop held these periods of reference to be jurisdictional and granted dismissal without prejudice, in effect ordering plaintiff to comply with the time requirements of § 706 and then return again to federal court.[1]

Plaintiff did not appeal Judge Alsop's decision but rather attempted to comply with that decision. She pursued her administrative remedies until April 27, 1979, when she received a second right-to-sue letter from the EEOC. Shortly thereafter she commenced the present lawsuit.

## DISCUSSION

### *The Ninety Day Requirement For Bringing Suit*

Defendants' first argument is an exercise in cold logic, devoid of justice and calling for a harsh result. Under Title VII plaintiff was required to file this federal action within ninety days after receipt of the right-to-sue letter, and the Eighth Circuit has held that this time requirement is a jurisdictional prerequisite. *See, e. g., Shea v. City of St. Paul,* 601 F.2d 345 (8th Cir. 1979). Defendants in essence argue that the EEOC has no authority to issue two right-to-sue letters and that therefore the ninety day period for bringing this present action commenced at the time the first right-to-sue letter was received. If valid,

defendants' argument would place plaintiff in an impossible position, for that ninety day period expired while the first lawsuit was pending before Judge Alsop—before plaintiff even knew she would be required to bring a second court action. The argument also contradicts express representations made by defendants' counsel to Judge Alsop as to plaintiff's right to bring a subsequent action in federal court.

The linchpin of defendants' position is that the EEOC cannot issue multiple right-to-sue letters for the same employment discrimination charge. Several cases appear at first blush to support this position. In *Fannie v. Chamberlain Mfg. Corp.,* 445 F.Supp. 65 (W.D.Pa.1977), the court dismissed a Title VII count on grounds that a second right-to-sue letter was "legally inoperative." The EEOC in *Fannie* issued a right-to-sue letter in 1970, but suit was not brought at that time. A second letter was issued in 1975 and suit was commenced shortly thereafter. The court in dismissing stated that "the EEOC lacked authority in 1975 to reinstitute time barred charges. The issuance of duplicative notices by the EEOC cannot substitute for compliance with the Congressionally prescribed limitation period." *Id.* at 78.

While *Fannie* conceivably can be read broadly for the proposition that the EEOC cannot issue two right-to-sue letters, the case should be given a more narrow reading. The court in *Fannie* legitimately was concerned with the disruptive effect successive right-to-sue letters would have on the carefully considered time limitation periods enacted by Congress. This concern is relevant where, as in *Fannie,* suit is not brought within ninety days of the first letter and the effect of the second letter is to circumvent the timeliness requirements of

1. Judge Alsop undoubtedly did not intend to preclude plaintiff from federal court relief, but rather intended only to require exhaustion of administrative remedies pursuant to § 706. This is clear from the transcript of the oral argument before Judge Alsop, where he inquired of defendant's counsel as to whether dismissal would preclude plaintiff from returning later to federal court. Counsel responded that, to his knowledge, "there is no impediment to the plaintiff going back through the proper authorities and going through the motions the way the statute says she should," then returning to federal court. As this present motion indicates, defendant's counsel has subsequently discovered an alleged impediment to plaintiff's returning to federal court.

Title VII. However, it has little relevance where, as in this case, plaintiff filed his federal court action too soon, not too late. As the Fourth Circuit observed in *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258 (4th Cir. 1972), *cert. denied*, 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1973):

> At the outset, it should be noted that the Act on which the employee predicates his action [Title VII] is remedial in character and should be generously construed to achieve its purposes. Moreover it is a general policy of law to find a way in which to prevent loss of valuable rights, not because something was done too late but rather because it was done too soon.

460 F.2d at 260. (citations omitted.) Thus, the premise upon which *Fannie* was decided—that a second letter cannot extend the time period when plaintiff allows the ninety day period to expire after the first letter— is not present here and *Fannie* therefore is not decisive.

A second case relied upon by defendants is *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975) (per curiam). In *Cleveland*, plaintiff was issued a first right-to-sue letter and commenced suit in a timely fashion. The first letter had been issued and the first suit filed because of case law in the circuit at the time that appeared to require the plaintiff to institute the court action within a specified time after the alleged discriminatory act occurred. This case law was reversed after plaintiff's first action was filed and he decided, in light of that reversal and pursuant to advice from the EEOC, to dismiss his federal action without prejudice and pursue further his EEOC administrative remedies. Some time later the EEOC issued a second right-to-sue letter and plaintiff timely filed a second court action. The Ninth Circuit affirmed the dismissal of this second action, reasoning:

> Appellant's first suit brought on April 9, 1968, was dismissed pursuant to Fed.R. Civ.P. 41(a) [voluntary dismissal without

prejudice] and therefore can have no effect on the action here under consideration.

> The issuance by the EEOC of a second right to sue letter likewise is without effect. The EEOC had no statutory authority to issue such a letter and therefore the [90]-day period must be deemed to run from the issuance of the first letter. To accept the EEOC's action in issuing the second letter as proper would vitiate the congressionally mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the EEOC.

*Id.* at 1030 (citations omitted).

The result reached in *Cleveland* appears unduly harsh, especially when the pro se plaintiff merely followed the advice of the EEOC and the case law in the Ninth Circuit was so confused at the time that the advice given by the EEOC could not be considered clearly wrong. Since plaintiff filed both suits within the required time period after the respective right-to-sue letters were issued, the result in *Cleveland* seems unnecessarily restrictive and exalts the concept of jurisdiction to an indefensible plateau.

 Even if *Cleveland* was correctly decided, it is distinguishable in at least one significant respect from the present case. In *Cleveland* there was never a judicial determination that the first right-to-sue letter was invalidly issued and thus was a nullity. Consequently, the first letter presumably was valid, which adds some credence to the court's view that the second letter could not also have been valid. In the present case, however, Judge Alsop held that the first letter was improperly issued. Thus, unlike *Cleveland*, the first letter was a nullity. It does not seem to be an overly broad reading of Title VII, given its remedial purpose, to find that where a right-to-sue letter is held invalid as prematurely issued the EEOC can issue a second letter— the first valid one—when administrative remedies have been properly exhausted.[2]

---

**2.** This assumes that the action based on the first letter is dismissed. The court alternatively, and perhaps preferably, could hold the fed-

eral action in abeyance pending exhaustion of administrative remedies and thereby eliminate the need to file a second court action. *See, e.*

*Compare, e. g. Ramirez v. National Distillers and Chemical Corp.,* 586 F.2d 1315 (9th Cir. 1978); *Weise v. Syracuse University,* 522 F.2d 397, 412 (2d Cir. 1975). Therefore, the court finds that this action was properly commenced within ninety days of the only valid right-to-sue letter issued with respect to plaintiff's charge.[3]

### The 240 Day Requirement

■ Defendants' second argument in favor of dismissal is that, even assuming the second right-to-sue letter is valid, plaintiff did not defer to the administrative agencies for the requisite time. This argument in essence turns on whether the sixty day period for deferral to the state agency and the 180 day deferral period for the EEOC are concurrent or consecutive. The distinction is important, in the parties' view, because the EEOC and state charges were filed on October 2, 1978, more than 180 days but less than 240 days before this suit was brought. It is clear to the court that the two periods are consecutive and that plaintiff has not yet exhausted her administrative remedies.

■ Title VII envisions a procedure whereby the complainant first allows the state agency to attempt to resolve the dispute before the EEOC becomes involved. *See, e. g., Developments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964,* 84 Harv.L.Rev. 1109, 1195–1216 (1971). Section 706(c) states that a charge may not be filed with the EEOC "before the expiration of sixty days after proceedings have been commenced" with the state agency. And

§ 706(f)(1) provides that a right-to-sue letter may issue "one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later," the "period of reference" language referring to the sixty days before the state agency.

■ From these statutory provisions it is apparent that the sixty days before the state agency and the 180 days before the EEOC are not concurrent. Section 706(c), for example, does not even permit the filing of an EEOC charge until the sixty day state agency period has expired,[4] which necessarily indicates the two periods are not concurrent. This has been the assumption upon which most courts have acted, although the issue has seldom been directly addressed. *See, e. g. Oscar Mayer & Co. v. Evans,* —— U.S. ——, ——, 99 S.Ct. 2066, 2071–72, 60 L.Ed.2d 609 (1979); *Berg v. LaCrosse Cooler Co.,* 548 F.2d 211, 213 (7th Cir. 1977); *Anderson v. Methodist Evangelical Hospital, Inc.,* 464 F.2d 723, 725 (6th Cir. 1972); *Ortega v. Construction & General Lab. Union No. 390,* 396 F.Supp. 976, 980 (D.Conn. 1975); *Developments, supra,* at 1215. Thus the most consistent reading of Title VII, and the reading given it by most courts, is that Title VII claimants must proceed at least 60 days with the state agency, then 180 days with the EEOC, before they can seek relief in federal court.

■ Because plaintiff has failed to comply with these requirements, defendants argue that this case should be dismissed.

g., *Parker v. General Telephone Co.,* 476 F.2d 595, 596 (9th Cir. 1973); *cf. Oscar Mayer & Co. v. Evans,* —— U.S. ——, ——, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1979).

3. Defendant also argues that the EEOC file was closed and the charge "dismissed" after the first letter was issued and therefore it could not be reopened by the EEOC in order to issue a second letter. *Compare, e. g., Lacy v. Chrysler Corp.,* 533 F.2d 353, 358–59 (8th Cir. 1976). However, issuance of the first letter did not result in "dismissal" as that term is used in Title VII. Dismissal refers to final action in closing the file after the EEOC has made a probable cause determination. See 42 U.S.C. § 2000e–5(b); 29 C.F.R. § 1601.19(a)–(e)

(1978). In contrast, issuance of a right-to-sue letter merely terminates further processing of the charge by the EEOC unless, at a later date, further processing is appropriate. See 29 C.F.R. § 1601.28(a)(3).

4. The Supreme Court has read this as permitting simultaneous filings of EEOC and state agency charges, such as where the EEOC immediately refers the charge to a state agency for sixty days, but the "filing" with the EEOC is not considered to have occurred until sixty days have passed in front of the state agency. *See Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

*Compare Budreck v. Crocker National Bank,* 407 F.Supp. 635 (N.D.Cal.1976). This seems to the court to be somewhat of an empty gesture that would merely result in plaintiff having to receive a third right-to-sue letter and commence yet another court action. The more sensible course is to stay proceedings until the exhaustion requirements of Title VII have been satisfied. *See Oscar Mayer & Co. v. Evans,* —— U.S. ——, —— n. 13, 99 S.Ct. 2066, 2076 n. 13, 60 L.Ed.2d 609 (1979).

A final issue concerns the amount of time remaining before the administrative remedies are properly exhausted and plaintiff can return to federal court. Plaintiff argues that, because 240 days have passed since the EEOC and state agency charges were filed on October 2, 1978, any failure to exhaust administrative remedies has been cured by the passage of time. *Compare Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee,* 440 F.Supp. 506 (N.D. Cal.1977). Defendants, on the other hand, assume that the period from October 2, 1978, until April 27, 1979, when the second right-to-sue letter was issued, should be counted, but that the time since April 27 should not be considered.

The court cannot agree with either party's position. Under EEOC regulations, processing of a charge is discontinued when a right-to-sue letter is issued. See 29 C.F.R. § 1601.28(a)(3) (1978). Similarly, the practice in the Minnesota Human Rights Department apparently is to discontinue processing of a claim when a court action is commenced. See Minn.Stat. § 363.14(1)(b) (1978). The periods during which administrative processing was discontinued cannot properly be considered in computing the time remaining to satisfy the 240 day exhaustion requirement. To hold otherwise would ignore the essential purpose of the deferral periods: to allow the state agency and the EEOC to process the charge and attempt conciliation.

As a consequence, very little of the necessary 240 day period apparently has been exhausted. The period from October 13, 1978, when the first right-to-sue letter was issued, until March 23, 1979, when Judge Alsop dismissed the first federal action, cannot be counted. Nor can the time from April 27, 1979, when the second letter issued, to the present date be considered. From the information presented to this court it therefore appears that the charge actually was being processed only from October 2 to October 13, 1978 (10 days) and from March 23, 1979, to April 26, 1979 (34 days). If this information is accurate, plaintiff has not yet even satisfied the 60 day exhaustion requirement before the state agency. Thus, plaintiff for the second time has not given the state agency and the EEOC the opportunity, as envisioned by Congress, to resolve this matter administratively, and her attempts to circumvent the administrative process have resulted only in further delay. Plaintiff must return to the state Human Rights Department and the EEOC as required by Title VII.

CONCLUSION

Defendants' motion to dismiss is DENIED, but this action is stayed until plaintiff exhausts her administrative remedies to the extent required by Title VII.