4 *Weinstein's Evidence* 801–165 (1979) (citations omitted).

### B. Instructions

Defendants argue that the district court erred in refusing to instruct the jury that an oral agreement "may be validated at any time between the parties to the agreement," and, "[o]nce validated, . . . is good from the beginning." This requested instruction is confusing. Its meaning is unclear because we are not told what it means to "validate" an oral agreement. The court was correct to reject the instruction for that reason. Moreover, questions concerning the existence of an oral contract between Baylor and Stax that would bind the insolvent corporation become relevant under Tennessee fraudulent conveyance law only in the consideration of the issue of constructive fraud. Because the jury found actual fraud, it did not need to reach that issue, and the court did not commit reversible error in not instructing the jury or in framing its interrogatories to them in a form that did not require them to reach it.

Defendants also argue that the district court should have instructed the jury that proof of fraud must be "unequivocal and convincing." The jury was instructed properly that Tennessee law requires proof by only a preponderance of the evidence. *James v. Joseph*, 156 Tenn. 417, 424, 1 S.W.2d 1017 (1928).

Defendants' third claim of error in the jury instructions is the court's "absent witness" instruction. Defendants concede that the substance of the instruction was proper but argue that particular absent witnesses should have been identified by name. They did not raise that objection at trial, and the omission does not constitute reversible error.

Defendants argue finally that the trial court erred in admitting evidence of Baylor's prior conviction of a felony and in instructing the jury that the fact of the conviction was relevant to his credibility. Fed.R.Evid. 609(a) states that such convictions are admissible if, *inter alia*, the crime was punishable by imprisonment of more than a year and its probative value outweighs its prejudicial effect. Defendants concede that the first condition is met, and the trial court did not abuse its discretion in ruling as it did on the second. Baylor's credibility was the central issue of the trial. Because the felony occurred while Baylor was travelling on behalf of Stax, it is particularly relevant to defendants' contention that Baylor was doing more than selling records; he was also "representing the company" (Tr. 1196).

Accordingly, the judgment of the district court is affirmed.

Patricia BROWN, Plaintiff-Appellant,

v.

### MEAD CORPORATION, Defendant-Appellee.

No. 79–3457.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1981.

Decided April 13, 1981.

Andrew Fishman, Columbus, Ohio, for plaintiff-appellant.

Richard DuRose, Smith & Schmacke, Dayton, Ohio, for defendant-appellee.

Before LIVELY and KEITH, Circuit Judges, and BOYLE, District Judge.*

* Patricia J. Boyle, District Judge, United States District Court for the Eastern District of Michi-

gan, sitting by designation.

**PATRICIA J. BOYLE, District Judge.**

This appeal presents the question of whether a plaintiff in a Title VII action, who received two successive, facially valid right-to-sue notices from the Equal Employment Opportunity Commission (EEOC), but who did not commence a suit in a district court within ninety days of receipt of the first notice, is precluded from proceeding under the second notice.

The essential facts involve the issuance to appellant of two separate right-to-sue notices by the EEOC. In 1970 appellant filed an EEOC complaint alleging she was discriminated against when her employer terminated her. In December of 1974, appellant was issued a "right to sue" notice that included an EEOC determination that there was no reasonable cause to believe that she was discharged or refused a promotion based on her sex. She took no court action. In January of 1978, appellant received another notice from the EEOC. This notice stated that the Commission found reasonable cause to believe her charge of discrimination is true and, again, notified her of her right to commence suit in United States District Court. Accompanying the second notice was a letter advising appellant that the determination and notice of right to sue issued in December of 1974 "was the product of administrative error and should be disregarded as having been outside the authority of this office to issue." Pursuant to the second notice of right to sue, appellant commenced this action.

The district court dismissed the action, ruling that the second notice of right to sue was invalid since the first notice created jurisdiction and subjected appellant to running of the ninety-day statutory period for filing. 42 U.S.C. § 2000e–5(f)(1). Appellant contests this ruling on the theory that the first notice was a nullity, void *ab initio*, because the EEOC District Director of the issuing office did not have authority to is-

sue the determination and right-to-sue letter.[1]

Title VII filing requirements are jurisdictional, *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Goodman v. City Products Corp.*, 425 F.2d 702 (6th Cir. 1970); *see Occidental Life Insurance Co. v. Equal Employment Opportunity Commission*, 432 U.S. 355, 372, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977), but are susceptible to equitable tolling in limited circumstances. *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979). This court has applied equitable tolling concepts in a situation where the defendant-employer made affirmative representations which caused the plaintiff-employee to delay filing a claim, *Leake v. University of Cincinnati, supra*, and in a circumstance where the employee reasonably failed correctly to predict whether a state court would have jurisdiction and, therefore, filed in state court with the ultimate result that her claim was dismissed. *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980).[2] We have cautioned, however, that the concept is not an escape valve through which jurisdictional requirements will evaporate since "[t]he tolling of the statutory periods on equitable grounds is usually very much restricted." *Geromette v. General Motors Corp.*, 609 F.2d 1200, 1203 (6th Cir. 1979), *cert. denied*, 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980).

We must decide, then, whether the first right-to-sue notification, even if issued without proper administrative authority, commenced, for once and for all, the appellant's statutory period for bringing a court action and, if so, whether there exist grounds in the instant case for application of the doctrine of equitable tolling. We conclude that the appellant's case was properly dismissed because the first notification of right to sue was sufficient to support an action and because the appellant cannot successfully invoke an equitable tolling defense to the jurisdictional challenge raised by appellee.

The keystone of appellant's argument is her claim that the first notice of right to sue was a nullity. Stressing this point, she attempts to distinguish precedents in which there were two notices, but the first was valid. In *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975) (per curiam), the EEOC issued two right-to-sue letters to the plaintiff. The plaintiff had commenced suit on the basis of the first but then had dismissed it voluntarily when the EEOC advised him that he could dismiss his action to give the agency an opportunity fully to process his case. When the second notice was issued and suit was brought, the court upheld the decision that the statutory period ran from the issuance of the first notice and that plaintiff's claim now was barred, despite his good faith reliance on the advice from the EEOC. Specifically, the court expressed concern that, "[t]o accept the EEOC's action in issuing the second letter as proper would vitiate the congressionally mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the EEOC." *Cleveland*, 509 F.2d at 1030. While it is true that the initial notice issued in *Cleveland* was not determined to be invalid, the legitimate concern for avoiding variations in the statu-

---

1. In support of this claim, appellant points to a detailed affidavit and attachments filed by Eduardo Pena, Jr., Director of Government Employment of the Equal Employment Opportunity Commission. Mr. Pena avers that the first EEOC determination and notice of right to sue was issued in error because the Cincinnati office was not given a complete file when the file of appellant was transferred from the Cleveland office. The paper missing from the file would have informed the Cincinnati office that the case was pending before the Commission in Washington, D. C., and that a "hold" had been placed on the file pending completion of review of the case by the Commission. It is thus established that, under the structure of the EEOC administration, the Cincinnati district director was without authority to issue the 1974 determination of no reasonable cause and notice of right to sue.

2. *Fox* is specifically limited to a situation in which the plaintiff filed an action in state court within ninety days of receipt of the right-to-sue notice, the plaintiff reasonably believing the state court possessed subject matter jurisdiction. *Fox v. Eaton Corp.*, 615 F.2d at 721.

tory scheme caused by inconsistency within the EEOC is applicable to the case before us.

Were we to accept appellant's proposition, it would become necessary in every case involving a potential administrative inconsistency for the trial court to investigate the EEOC action underlying the notice of right to sue. Thus, even if the notice were facially valid, as was the first notice issued to appellant Brown, a defendant could compel inquiry into the action of the agency. Furthermore, if suit were not brought under the first notice, a plaintiff could theoretically wait an indefinite time before obtaining a valid notice of right to sue and then could commence an action against the surprised employer.[3] These problems illustrate the importance of the rigid statutory framework within which discrimination claims proceed to the courts and demonstrate the wisdom of the Ninth Circuit's reluctance to make subjective inquiry into EEOC administrative practices.

The facts of the instant case distinguish it from situations where the EEOC has issued a right-to-sue notice and then, within the statutory period for commencing suit, has notified the prospective plaintiff of the EEOC's decision to reconsider its earlier determination. In this situation a plaintiff who did not commence a district court action until receiving a second notice following the EEOC's further consideration has been permitted to maintain the action based on the second notice. *Gonzalez v. Firestone Tire and Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).[4] *Contra, Evans v. ITT Continental*

*Baking Co.*, 21 FEP 773 (W.D.Tenn.1979); *cf. Pradia v. Gulf Oil Co.*, 20 EPD (CCH) ¶ 30,156 (S.D.Tex.1979) (reaching opposite result, though in situation where EEOC did not notify parties of its intent to reopen file until more than ninety days after issuing first notice of right to sue).

Similarly, the decision in *Hiduchenko v. Minneapolis Medical and Diagnostic Center, Ltd.*, 475 F.Supp. 1175, 1179 (D.Minn.1979) (*Hiduchenko II*), rests on facts distinct from those before us. There the plaintiff had filed a suit pursuant to a notice of right-to-sue letter issued her at her request just eleven days after she filed her charge with the EEOC. The district court dismissed her suit based on the first notice of right to sue because the jurisdictional requirement of deferral to the EEOC and to the state employment discrimination agency had not been met. *Hiduchenko v. Minneapolis Medical and Diagnostic Center, Ltd.*, 467 F.Supp. 103 (D.Minn.1979) (*Hiduchenko I*). When plaintiff subsequently commenced suit again pursuant to a second notice of right-to-sue letter issued after proper resort to the administrative procedures, the court rejected the defendant's motion to dismiss, noting that the first letter was a nullity as evidenced by the fact that the first action was dismissed for lack of jurisdiction. The court further observed that permitting the second action to proceed would not undermine interests in finality since the original action was filed too early and the EEOC never had been afforded an opportunity to utilize its expertise in resolving the dispute.[5]

---

**3.** The instant case illustrates this problem to some degree. The employer and employee received a notice of right to sue in December of 1974, but no suit was commenced. Not until August of 1976 did the employer receive an invitation to engage in conciliation, followed by a notice of right to sue in January of 1978. Thus, at least until 1976, the employer was without formal notice of any continuing litigation. Under appellant's theory there is no reason why that period could not have been four years, or even longer, depending only on the timeliness with which the EEOC detects its administrative error.

**4.** Plainly, the circumstance in which the EEOC "vacates" its notice of right to sue before expiration of the ninety-day filing period is different from that presented by the facts before us. In that situation the employer and employee both are made aware that the EEOC investigation is continuing and the prospect of litigation is not past, thus minimizing the potential for prejudice to the employer.

**5.** The court noted but did not rely on the fact that, in dismissing the first case, the district judge specifically inquired of defense counsel whether the dismissal would prevent the plaintiff from following her case through the administrative channels in accordance with the stat-

In contrast, the first notice issued to the appellant in the instant case was sent more than four years after she filed her initial charge with the EEOC.. It was not possible for appellant, appellee, or a court to tell without investigating the underlying EEOC action leading to issuance of the notice of right to sue that there was any error. In this circumstance appellant simply cannot be heard to contend that *Hiduchenko* compels disregarding the first notice. In *Hiduchenko* the first notice was directly violative of the express statutory provisions for deferral to the administrative agencies. No inquiry into intra-agency procedure and motivation was required. Thus, while it is true that the court in *Hiduchenko* called the first notice a nullity and the EEOC has similarly described the first notice issued to appellant, the distinctions are crucial. Our concern with formulating a rule that would call for subjective inquiries into agency procedures to ascertain the validity of notices of right to sue on a case-by-case basis requires that on the present facts we reject application of the principles enunciated in *Hiduchenko*.[6]

■ Appellant contends that requiring her to file on the basis of the first notice leaves her in an untenable position, because the employer could challenge her suit by highlighting the invalidity of that notice. *Cf. Holly v. Alliance Rubber Co.*, 380 F.Supp. 1128 (N.D. Ohio 1974) (rejecting defendant's jurisdictional challenge based on alleged technical error by EEOC). However, were the employer to challenge the notice on that ground, the reasoning here advanced to reject appellant's claim on appeal would similarly bar the employer from looking behind the notice to raise a technical defense.[7] Furthermore, had appellant filed a district court suit on the basis of the first notice and then encountered a valid jurisdictional defense, her active pursuit of her apparent right to sue would place her in a stronger position to argue against dismissal of a subsequent suit.[8] *E. g., Hiduchenko v. Minneapolis Medical and Diagnostic Center, Ltd.*, 475 F.Supp. 1175 (D.Minn.1979). Thus, we cannot agree that the appellant was truly prejudiced by the issuance of the two notices of right to sue to her.[9]

Turning to an evaluation of the equities and of whether there is a basis for equitable tolling, little more need be said. Appellant mentions the doctrine but has not explained how she can be brought within its ambit, and we find no reason to apply the doctrine in these circumstances. Appellant did not act on the first notice, and she makes no allegation that any action by appellee in any way deterred her from acting. *See Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979). Nor is this a situation where the plaintiff pursued an alternative judicial remedy reasonably believing it to be available to her. *See Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980).

We conclude, therefore, that the notice of right to sue issued in December of 1974 commenced the statutory period for appellant to bring suit in the district court. She

ute and then returning to federal court, and was told it would not. *Hiduchenko II*, 475 F.Supp. at 1178 n.1. *See Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980).

6. We need express no opinion on the correctness of the analysis utilized in *Hiduchenko* save to say that, for the reasons explained, it is not at odds with the reasoning we advance here.

7. Our approach here would not preclude investigation into a claim by an employer that a notice of right to sue did not issue from the EEOC but is a forgery, or similar contentions. Rather, what is rejected is a contention by either party to a Title VII suit that an administrative inconsistency or error can be raised to compel looking behind a notice of right to sue

to ascertain if the EEOC was acting in compliance with its regulations and procedures.

8. There is no apparent reason why a court could not stay proceedings commenced in reliance on a deficient notice until the plaintiff had a chance to cure the defect. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765 n.13, 99 S.Ct. 2066, 2076 n.13, 60 L.Ed.2d 609 (1979).

9. Appellant herself does not contend she had any suspicion that the first notice was not issued with proper authority until she received the second notice. There is no reason to believe, therefore, that she forewent the opportunity to file a district court action using the 1974 notice for any reason but free exercise of choice.

**1168**

failed to act, leaving the employer with reason to conclude that the matter was resolved. The EEOC's attempt, several years later, to repudiate the first notice and to issue a second valid notice of right to sue contravenes the statutory concern for finality and requires factual inquiry into the operations of the administrative realm, an inquiry that must be reserved for very limited circumstances not including those presented on these facts.

Accordingly, the judgment of the district court is AFFIRMED.