81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda R. ASKEW, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 94-2153.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1996.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and WISEMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Linda Askew, a civilian employee of the U.S. Army Tank-Automotive Command, filed a complaint on April 28, 1992, against Michael Stone, Secretary of the Army, for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. Askew is an African-American who has held various supervisory positions with the childcare program at Selfridge Air National Guard Base since 1984. In the past, Askew has filed numerous charges of race, handicap and reprisal discrimination by various supervisors. In this case, Askew claims her employer rejected and obstructed her efforts to be promoted to the coordinator position of the childcare program through a pattern of race and handicap discrimination. Askew also claims she was subjected to harassment and retaliation for protected equal employment opportunity activity.
 
 
 2
 Askew's complaint sought to combine eight formal discrimination claims at different stages of administrative processing for judicial review. On May 17, 1993, the district court dismissed three of Askew's eight claims for lack of jurisdiction. On November 19, 1993, Askew filed an amended complaint. On March 29, 1994, and June 15, 1994, the district court granted summary judgment for Stone on two additional claims. Askew voluntarily dismissed her three remaining claims on August 22, 1994, and filed this timely appeal seeking the reinstatement of the five dismissed administrative cases.
 
 
 3
 The administrative cases at issue are Department of the Army Case Nos. 99-07-0028, 90-05-0150, 92-07-0127, 85-12-0036, and 90-08-0056. Claim # 0028 involved charges that Askew was subjected to two counseling sessions concerning fabricated deficiencies in her job performance. Claim # 0150 concerned an allegedly deceptive and intentionally false memorandum stating that Askew was physically incapable of performing the duties of various childcare positions she had held with the Army. After its review of these claims, the Army dismissed them on the ground that Askew failed to accept offers of full relief. Askew appealed that decision to the EEOC and then, without waiting the required 180 days, filed suit in federal court.
 
 
 4
 Claim # 0127 concerned two separate claims of allegedly retaliatory action taken against Askew by the Army while the EEOC was conducting hearings on pending discrimination charges. In Claim # 0036, Askew asserted that the Army violated a previous settlement agreement when it removed her in September 1991 as the Family Child Care Director. The previous settlement agreement provided that the Army would retroactively detail Askew to a position which she claimed she had been passed over for because of her race. Askew claims she consented to the settlement agreement because she was assured by the Army that she would thereafter be qualified for any position in that job series. Later, when Askew was removed from the Family Child Care Director position, she claimed the Army's determination that she was not qualified and its removal of her from that position violated the settlement agreement. In the final administrative case at issue, Claim # 0056, Askew alleged that the Army discriminated against her in filling the position of Child Development Services Coordinator, by including biased and derogatory statements in her 1989-90 performance evaluation, and by maintaining separate, unofficial personnel files on her and sharing information in those files without her knowledge.
 
 
 5
 On appeal, Askew claims the trial court erroneously dismissed five of her administrative cases charging her employer with various acts of discrimination. Askew claims three of those cases and part of a fourth were dismissed based on errors of law, and that the rest were wrongfully dismissed on summary judgment despite the existence of material factual issues. We review a district court's dismissal of claims and grants of summary judgment de novo. In re DeLorean Motor Co., 991 F.2d 1236, 1239-40 (6th Cir.1993); Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir.1991).
 
 I.
 
 6
 The first issue on appeal is whether Askew failed to exhaust her administrative remedies, and is therefore precluded from bringing a civil complaint, with regard to the allegations contained in Claims # 0150, # 0028, and # 0127. In moving for dismissal, Stone claimed the district court lacked subject matter jurisdiction over Claims # 0150 and # 0028 because Askew failed to wait 180 days after appealing the agency decision to the EEOC before initiating this suit. In addition, Stone claimed the court was without jurisdiction with regard to Claim # 0127 because Askew filed suit before filing a formal equal employment opportunity discrimination complaint. The district court agreed with Stone that Askew's action was premature with respect to each of these administrative complaints, and dismissed them for a lack of subject matter jurisdiction.
 
 
 7
 On appeal, Askew admits she filed suit twenty-one days prematurely with respect to Claims # 0028 and # 0150, but argues that the trial court's dismissal of those claims due to her technical error was neither required by law nor appropriate. Askew argues that, in light of the fact that the EEOC closed Claims # 0028 and # 0150 179 days after her appeal was filed without issuing a decision, the legitimate purpose of exhaustion was served. Moreover, Askew argues that, because she acted in good faith and because her employer suffered no prejudice, the district court should have exercised discretion to disregard her procedural defect rather than forever bar her claims. With regard to Claim # 0127, Askew argues that it does not matter that she filed her complaint in district court before filing a formal claim with the EEOC because an individual is not required to commence, let alone exhaust, separate administrative remedies with respect to a claim stemming from retaliation for the filing of an equal employment opportunity complaint.
 
 
 8
 Stone responds to Askew's claims by arguing that the district court's dismissal of Claims # 0028 and # 0150 was proper because Askew was statutorily required to wait 180 days after filing charges with the EEOC before filing suit in district court. In addition, Stone claims Askew was in fact required to file a complaint regarding Claim # 0127 prior to filing in district court pursuant to 5 U.S.C. § 7702(e)(1) because her reprisal complaint was a mixed case complaint, which prevented the EEOC from having automatic ancillary jurisdiction over the claim.[1]
 
 
 9
 A federal employee must exhaust administrative remedies as a precondition to filing a Title VII civil suit in federal district court. Brown v. General Services Admin., 425 U.S. 820, 832 (1976). Exhaustion of administrative remedies under Title VII requires strict compliance with the procedures and time limitations set forth in 42 U.S.C. § 200e-16(c) and 29 C.F.R. 1613.281(d). Under Section 2000e-16(c), there is a 180 day waiting period after filing a charge with the EEOC before suit may be filed in federal court. Except in very limited circumstances, two requirements must be met in filing a Title VII action in federal court: (1) the complaint must be filed within the time allotted by Title VII and (2) a complainant must have exhausted all administrative remedies. See Tolbert v. United States, 916 F.2d 245, 247 (5th Cir.1990) (stating also that "it seems obvious that anyone who files too early, has, by definition, filed before she has exhausted her administrative remedies"). A "[f]ailure to comply with either of these requirements wholly deprives the district court of jurisdiction over the case." Id.
 
 
 10
 We agree with the district court that Askew's abandonment of the administrative process prior to the expiratin of the 180 day time period and her failure to file a formal agency complaint prior to filing suit in district court deprived the district court of jurisdiction over Claims # 0028, # 0150, and # 0127. We also agree that this is not one of those very limited cases where the jurisdictional filing requirements of Title VII should be subject to equitable tolling. See Brown v. Mead Corp., 646 F.2d 1163 (6th Cir.1981). As the district court stated, Askew's case is distinguishable from situations where statutory filing requirements have been equitable tolled for the failure to comply with statute of limitations periods because this case involves the premature filing of three underlying administrative complaints. We further believe there is no other sufficient basis for setting aside the jurisdictional filing requirements in this case. Despite the fact that Askew initiated this action without the assistance of counsel and was unfamiliar with Title VII's procedural requirements, she failed to comply with the strict procedural and time limitations imposed by statute. We therefore AFFIRM the district court's dismissal of Claims # 0150, # 0028, and # 0127 for lack of subject matter jurisdiction.
 
 II.
 
 11
 Askew's second set of arguments concerns the district court's grant of summary judgment for Stone on two additional claims. First, Askew claims the district court erred in granting summary judgment with regard to Claim # 0036 because questions of material fact remained as to the intent and proper interpretation of a settlement agreement entered into by the parties and with regard to whether that agreement was breached.[2] Second, Askew claims the district court erred in granting summary judgment with regard to Claim # 0056 for two reasons: (1) a question of material fact remained as to whether she met certain job qualifications and (2) the certified offer of full relief proposed by her employer would not have made her whole. Specifically, Askew claims that a material question of fact existed as to whether she met the applicable eligibility standards and was qualified for the position she was denied. In addition, Askew contends the Army offered to remove untrue, biased and retaliatory statements from her performance evaluation, but not to replace them with accurate, favorable statements concerning her performance, as required to make her whole.
 
 
 12
 In response to these arguments, Stone claims summary judgment was appropriate with regard to Claim # 0036 because the settlement agreement was clear on its face and Askew admitted the agency had complied with it.[3] Stone also claims the district court properly granted summary judgment on Claim # 0056 because there were no material issues of fact with regard to whether Askew met the minimal educational requirements for the position she sought, or as to whether the certified offer of full relief would have made her whole.
 
 
 13
 We believe the district court correctly found that the settlement agreement was clear and unequivocal on its face and provided only for a 1984 retroactive detail. In addition, we find that, because Askew admitted to having received that detail, there was no genuine issue of material fact with regard to this issue. We AFFIRM the grant of summary judgment with regard to Claim # 0036.
 
 
 14
 We also conclude the district court did not err in finding that no genuine issue of material fact existed as to whether Askew met the mandatory minimum educational requirements for the position of Child Development Services Coordinator. Subsequent to Askew's non-selection for the position, an inspection and audit were made of the program and its facilities. The audit revealed that Askew and another employee did not meet the mandatory educational requirements for their positions. Askew was required to have completed a four-year course of study leading to a bachelors degree "which included or was supplemented by major study in education or in a subject field appropriate to the work of the position." Despite her contention that her major in music was a subject highly relevant to the education of young children, we find that the district court did not err in concluding Askew was unqualified for the position she sought, and therefore was unable to establish a prima facie case of discrimination.
 
 
 15
 We further find that the district court did not err in finding: (1) that Askew's employer gave her a certified offer of full relief agreeing to remove the unfavorable statement on her performance evaluation, (2) that the removal of the offensive language constituted full relief, and (3) that Askew should have accepted the offer. Full relief is defined in Albemarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975), as relief which puts a plaintiff in the position he or she would have occupied had any alleged discrimination never occurred. Askew sought the following corrective relief with regard to Claim # 0056: (1) the removal of a supervisor, Mr. Channing, from her reporting chain; (2) a retroactive detail to the position she sought with backpay; (3) the removal of all negative records from any files; and (4) a change in her performance evaluation.
 
 
 16
 Because Mr. Channing is no longer employed at the air base and has not been in Askew's reporting chain for several years, the district court properly found that the requests regarding him are moot. In addition, the court properly found that Askew stipulated to the fact that she was retroactively detailed to the position she had sought. With regard to the unfavorable statement claim, Askew's charge as to the second part of Claim # 0056 stated that her 1989-90 performance evaluation contained a biased and retaliatory statement. During the administrative process, the Army agreed to remove the offending statement, but Askew failed to accept this offer. We find that Askew's failure to do so indicated a lack of good faith participation in the administrative process and precluded her from litigating that claim. See Wrenn v. Secy., Dept. of Veterans Affairs, 918 F.2d 1073 (1990), cert. denied, 499 U.S. 977 (1991) (stating that "[t]he purpose of the good faith participation requirement is to give the administrative process an opportunity to work and to enhance the chances of administrative resolution. It follows that a claimant who is offered full relief in the administrative process must either accept the relief offered or abandon the claim"). We therefore AFFIRM the grant of summary judgment for Stone on Claim # 0056 as well.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Initially, the administrative judge agreed to include Claim # 0127 with the other charges. The EEOC vacated that decision, though, explaining that Askew's reprisal complaint was a mixed case complaint, and that the administrative judge had no authority to join the new complaint with the other cases or hold a hearing on it. In a mixed case, the aggrieved party may file a complaint with the agency or the Merit Systems Protection Board. Askew did neither, and instead filed her complaint in district court
 
 
 [2]
 Specifically, Askew alleged in Claim # 0036 that a September 1991 downgrade from her position as Family Child Care Director on the ground that she failed to meet certain educational requirements violated a June 12, 1986 settlement agreement by which the Army agreed to document the duties performed by Askew as the Child Development Service Coordinator by means of a retroactive detail for the period of May 14, 1984 to May 14, 1985
 
 
 [3]
 In paragraph 51 of her amended complaint, Askew admitted that the Army did retroactively detail her to this position for the prescribed period as agreed