No. 78–1917. TRAFELET ET AL., JUDGES *v.* THOMPSON, GOV-ERNOR OF ILLINOIS, ET AL. C. A. 7th Cir. Certiorari denied.

MR. JUSTICE WHITE, dissenting.

This case presents the issue whether a state law that requires elected judges to retire at the age of 70, challenged on grounds that it violates the First and Fourteenth Amendments, ought to be subjected to strict scrutiny or to the less exacting rational-relationship test employed by the court below. The determination turns on whether the challenged judicial retirement law is properly regarded as a limitation

on access to the ballot that impairs "the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively." *Williams* v. *Rhodes*, 393 U. S. 23, 30 (1968). We have held as recently as last Term that a state law limiting access to the ballot "impairs the voters' ability to express their political preferences," and thus could be justified only by a compelling state interest whose presence or absence is determined when a reviewing court subjects the questioned provision to strict scrutiny. *Illinois Elections Bd.* v. *Socialist Workers Party*, 440 U. S. 173, 184 (1979). Accord, *e. g., Storer* v. *Brown*, 415 U. S. 724, 728–729 (1974).

Because the decision of the court below as to the appropriate standard of review is possibly in conflict with these and other decisions of this Court, I would grant this petition for certiorari and dissent from the Court's unwillingness to do so.