Kenneth D. JONES, Plaintiff,

v.

CITY OF JANESVILLE, WISCONSIN,

Philip L. Deaton, Individually and as City Manager for the City of Janesville, Wisconsin,

Sylvie Wexler, Individually and as a Member of the City Council for the City of Janesville, Wisconsin,

Clyde Miles, Individually and as a Member of the City Council for the City of Janesville, Wisconsin,

Richard E. Masterson, Individually and as a Member of the City Council for the City of Janesville, Wisconsin,

Dennis M. Hall, Individually and as a Member of the City Council for the City of Janesville, Wisconsin,

The Reverend Kenneth S. Waterman, Individually and as a Member of the City Council for the City of Janesville, Wisconsin,

Thomas J. Karleski, Individually and as a Member of the City Council for the City of Janesville, Wisconsin,

Nancy Stabb, Individually and as a Member of the City Council for the City of Janesville, Wisconsin,

Janesville Professional Policemen's Association,

The Wisconsin Professional Policemen's Association,

Janesville Fire and Police Commission,

Dr. Ronald P. Karzel, Individually, and as Chairman of the Janesville Fire and Police Commission,

Herbert O. Phillips, Individually and as a Member of the Janesville Fire and Police Commission,

James R. Cripe, Individually and as Secretary of the Janesville Fire and Police Commission,

William H. Watson, Individually and as a Member of the Janesville Fire and Police Commission,

George H. Schuster, Individually and as a Member of the Janesville Fire and Police Commission,

George Poppas, Individually and as a Member of the Janesville Fire and Police Commission, Defendants.

No. 79–C–477.

United States District Court, W. D. Wisconsin.

April 18, 1980.

Jean G. Setterholm of DeWitt, Sundby, Huggett & Schumacher, Madison, Wis., for plaintiff Jones.

Berta S. Hoesly, City Atty., Janesville, Wis., and David Leo Uelmen, Milwaukee, Wis., for defendant City of Janesville.

David Leo Uelmen, Milwaukee, Wis., for defendants Deaton, Wexler, Miles, Masterson, Hall, Waterman, Karleski, Stabb, Janesville Fire and Police Commission, Karzel, Phillips, Cripe, Watson, Schuster and Poppas.

Richard V. Graylow, of Lawton & Cates, Madison, Wis., for defendants Janesville professional Policemen's Association and the Wisconsin Professional Policemen's Ass'n.

## OPINION AND ORDER

JAMES E. DOYLE, Chief Judge.

This opinion and order are directed to motions to dismiss this action as to defendants City of Janesville, Deaton, Wexler, Miles, Masterson, Hall, Waterman, Karleski, Stabb, the Janesville Fire and Police Commission, Karzel, Phillips, Cripe, Watson, Schuster and Poppas.

The first cause of action set forth in the amended complaint is based on the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This action was commenced by the filing of a complaint in this court on October 17, 1979. On October 19, 1979, an action was commenced by the Equal Employment Opportunities Commission (EEOC) by filing a complaint in this court (79–C–481) seeking to enforce the right of Kenneth D. Jones against the City of Janesville and the State of Wisconsin under the ADEA.

The ADEA provides (29 U.S.C. § 626(c)(1)) that any person may sue for relief under the ADEA: "Provided, That the right of any person to bring such action shall terminate upon the commencement of

an action by the [EEOC] to enforce the right of such employee" under the ADEA.

■ "Bring" is ambiguous. It may mean "commence." It may mean "maintain." It may mean "bring or maintain." I construe it to mean "bring or maintain."

In the same proviso, in referring to actions by EEOC, Congress used the word "commencement," which suggests that "bring" may have been intended to mean something other than "commence." There are much stronger reasons for the construction I have chosen. Clearly, Congress intended to bar an individual suit under the ADEA when the EEOC had already commenced suit. The question arises why Congress might have intended that an individual suit under the ADEA can be maintained simultaneously with a later-commenced EEOC suit. With one exception, neither in briefs or in oral presentation has plaintiff Jones or the EEOC suggested that any relief available to plaintiff Jones in his private suit is unavailable to him in the EEOC suit. The one possible exception is that in the private suit he may be able to obtain reimbursement for his attorney's fees. But this represents no financial advantage to this plaintiff: if there is no longer a private suit in which his attorney renders professional services, no attorney's fees are earned; if there is a private suit in which his attorney continues to render professional services, plaintiff may be able to obtain reimbursement. If the attorney for this plaintiff in the private suit and the attorney for the EEOC in the EEOC suit share the same views on how to prepare the two suits and how to try them, there is little reason for both to participate. Especially if the two suits are consolidated for trial, if the two attorneys do not share the same views, difficulties will arise. If the two suits are not consolidated and the result in the earlier-tried suit is favorable to the plaintiff, nothing more is necessary from the plaintiff's viewpoint. If the result in the earlier-tried suit is unfavorable to the plaintiff, the plaintiff and his or its attorney in the remaining suit is probably bound by the outcome.

■ I conclude that the first cause of action in this case (79–C–477) terminated on October 19, 1979. This conclusion requires that I proceed to dismiss it as to all of the named defendants, including the two professional police officers' associations.

In this present private suit (79–C–477), the plaintiff has undertaken to present a second cause of action, under 42 U.S.C. § 1983, alleging that he has been deprived of rights secured to him by the Constitution or laws of the United States. No such cause of action is set forth in the EEOC suit (79–C–481). With respect to this constitutional claim, the plaintiff faces formidable obstacles. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *Slate v. Noll,* 474 F.Supp. 882 (W.D. Wis., three judge court, 1979), *aff'd,* —— U.S. ——, 100 S.Ct. 655, 62 L.Ed.2d 637 (1980); *Trafelet v. Thompson,* 594 F.2d 623 (7th Cir. 1979), *cert. denied,* 444 U.S. 906, 100 S.Ct. 219, 62 L.Ed.2d 142 (1979). Nevertheless, I cannot say that any of the cases just cited involved a set of circumstances so closely similar to those described in the complaint in the present case as to require its dismissal for failure to state a claim. See *Gault v. Garrison,* 569 F.2d 993 (7th Cir. 1977).

### Order

It is ordered that the first cause of action set forth in the amended complaint is dismissed as of October 19, 1979, on the court's own motion, as to the defendants Janesville Professional Policemen's Association and The Wisconsin Professional Policemen's Association, and, on the motion of the remaining defendants, as to them.

It is further ordered that the motion by the defendants, other than the defendants Janesville Professional Policemen's Association and The Wisconsin Professional Policemen's Association, to dismiss the second cause of action set forth in the amended complaint is denied.

A ruling is reserved on the motion by the defendants Janesville Professional Policemen's Association and The Wisconsin Professional Policemen's Association to dismiss the second cause of action set forth in the amended complaint as to them.