Delphine **FIELDS** et al., etc., Plaintiffs,

v.

**VILLAGE OF SKOKIE** et al.,
Defendants.

**No. 80 C 3387.**

United States District Court,
N. D. Illinois, E. D.

Dec. 3, 1980.

Louis S. Goldstein, Vitell Greenfield Johnson, Goldstein & Gubbins, Ltd., Chicago, Ill., for plaintiffs.

Peterson, Ross, Schloerb & Seidel, Mary Patricia Chapin, Russell M. Pelton, Robert G. Schloerb, Craig A. Varga, Chicago, Ill., Harvey Schwartz, Skokie, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Delphine Fields, a White female, and Jerome Young, a Black male ("plaintiffs"), are employed as police officers by the Village of Skokie, Illinois ("Skokie"). They filed this action June 30, 1980 against Skokie and various of its departments and employees,[1] alleging that defendants had discriminated against Fields, Young and others similarly situated on account of their sex and race in violation of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), Section 1983 of the Civil Rights Act of 1871 ("Section 1983") and the Fourteenth Amendment. Defendants have moved to dismiss the complaint, asserting that because plaintiffs have failed to exhaust their administrative remedy under Title VII, this Court is without subject matter jurisdiction. For the reasons stated in this memorandum opinion and order:

(1) Defendants' motion is granted only as to plaintiffs' Title VII claims.

(2) Because the Complaint may state a cause of action under Sections 1981, 1983 and the Fourteenth Amendment, all of which afford grounds for jurisdiction independent of plaintiffs' Title VII claims, defendants' motion to dismiss the action as a whole is denied.

---

1. Skokie Police Department; Kenneth B. Chamberlain, Chief of Police; Raymond Davis and Earnest Clieburne, Lieutenants in the police department; Skokie Board of Fire and Police Commissioners; and Gilbert M. Raphael, Commissioner of that Board.

(3) On the Court's own motion, plaintiffs' class action claims are dismissed.

### Plaintiffs' Title VII Claims

Plaintiffs filed their Complaint June 30, 1980 alleging that defendants had engaged in numerous practices designed to discriminate unlawfully against Blacks and women employed by or applying for employment with the Skokie Police Department. Although there are brief references to the other claimed bases for jurisdiction, the main thrust of the Complaint was plaintiffs' contention that such practices violate Title VII of the Civil Rights Act of 1964.

Just twenty–eight days earlier plaintiffs had filed their Title VII charge with the Equal Employment Opportunity Commission ("EEOC"). When the Complaint was filed (and apparently to date) EEOC had taken no dispositive action on plaintiffs' charges. Specifically, EEOC has not yet issued (nor is it required to do so until 180 days after filing of the administrative complaint) a right to sue letter.

■ It is axiomatic that a Title VII plaintiff must satisfy two requirements to maintain an action in federal court: timely filing of employment discrimination charges with the EEOC, and receipt of a right to sue letter (and institution of a suit within ninety days thereafter). *See, e. g., Bates v. Western Elec.*, 420 F.Supp. 521, 525 (E.D. Pa.1976). As defendants properly point out, receipt of a right to sue letter is a jurisdictional prerequisite to bringing an action in federal court. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); 42 U.S.C. § 2000e–5(e) and (f)(1). Because plaintiffs concede they have failed to satisfy this requirement, their Title VII claim must be dismissed.

■ Plaintiffs argue that these jurisdictional rules are inapplicable under a number of theories, all of which the Court has considered and found untenable. Only one of

those theories is at all near–colorable: plaintiffs' assertion that normal exhaustion of Title VII administrative remedies is not required where, as is the case here, a Title VII plaintiff seeks interim *injunctive* relief. That argument has been favorably received in some limited circumstances; *see, e. g., Berg v. Richmond Unified School District,* 528 F.2d 1208 (9th Cir. 1975), *vacated and remanded on other grounds,* 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1975). However, this Court regards the better–reasoned position as that adopted in a number of other decisions,[2] that Title VII's jurisdictional conditions apply "across the board" with respect to lawsuits instituted in federal court. Nothing in the statute (nor, in this Court's view, in the particular circumstances of this case) suggests that a mere prayer for injunctive relief should allow a plaintiff to circumvent the administrative procedure required by the facially absolute language of Title VII.

■ Furthermore, the basis for plaintiffs' offered distinction in this context between actions for injunctive and non–injunctive relief–that in circumstances involving the former more expeditious resolution is necessary–is undermined by 42 U.S.C. § 2000e–5(f)(2). That provision allows *EEOC* to bring an action for "temporary relief" prior to its full consideration of a complaint where it concludes that "prompt judicial action is necessary to carry out the purpose of [the] Act." In short, Title VII does authorize applications to federal courts for injunctive relief prior to final EEOC action *within* the framework of the administrative procedures to which a complaining party must adhere as a jurisdictional prerequisite.

### Plaintiffs' Remaining Claims

Plaintiffs contend that even if this action cannot presently be maintained as a Title VII claim, dismissal of the entire action is improper because they also allege violations of Sections 1981 and 1983 and the Fourteenth Amendment, each of which is sufficient to support this Court's jurisdiction over the action. Defendants concede that such allegations can in fact constitute "independent bases for discrimination claims" but assert that dismissal of the entire complaint "must be had here because of [p]laintiffs' failure to clearly present their respective claims."

Defendants' theory of *dismissal* is somewhat unclear. They argue that plaintiffs' complaint is defective only because it incorporates numerous theories against multiple defendants in a single count, thereby making an effective responsive pleading "extremely difficult" to fashion and failing to comply with Fed.R.Civ.P. 10(b)'s requirement that each claim founded upon a separate transaction or occurrence be stated in a separate count "whenever a separation facilitates the clear presentation of the matters set forth." Citing *Plummer v. Chicago Journeyman Plumbers' Local 130,* 452 F.Supp. 1127, 1144 (N.D.Ill.1978), defendants then argue that compliance with Rule 10(b) may be ordered by the Court. Finally, defendants conclude that "since those [dismissed] Title VII allegations [in this action] are inextricably interwoven with the other allegations, the Complaint should be dismissed in its entirety."

■ At the outset, defendants have failed to submit any authority, nor has the Court discovered any in its own research, in support of the proposition that dismissal is the proper sanction for failure to comply with the "separate count" requirement of Rule 10(b).[3] This Court would view that sanction as a most unjust penalty for a technical pleading deficiency. Defendants must of course be presented with a com-

---

**2.** *See, e. g., Hunter v. Ward,* 476 F.Supp. 913 (E.D.Ark.1979); *Gradillas v. Hughes Aircraft Co.,* 407 F.Supp. 865 (D.Ariz., 1975); *Nottelson v. A. O. Smith Corp.,* 397 F.Supp. 928 (E.D.Wis. 1975).

**3.** 5 Wright and Miller, Federal Practice and Procedure, § 1324. Instances in which a Court

has ordered compliance with Rule 10(b) and a party has failed to do so are, of course, distinguishable from the circumstances in this case. In such instances, dismissal has been ordered. *See, e. g., Original Ballet Russe v. Ballet Theatre, Inc.,* 133 F.2d 187 (2d Cir. 1943).

plaint to which they can respond effectively, but the barriers to such a response alleged in the instant case seem particularly well suited to resolution by a motion under Rule 12(e), rather than a motion to dismiss.

In fact, it is noteworthy that the *Plummer* case, on which defendants rely exclusively, itself involved a Rule 12(e) motion, in part requesting compliance with Rule 10(b). *Dismissal* because of a Rule 10(b) defect in the complaint appears both grossly inequitable and without support in the law.

▆▆▆ This case presents a factual context in which such dismissal would be particularly inappropriate. Plaintiffs' complaint is replete with specific factual allegations that, if proved, would at least appear to be actionable under the theories plaintiffs set forth. Thus dismissal would constitute an unwarranted interruption of this litigation, because technical corrections by less drastic means could plainly rectify all the claimed defects of which defendants presently complain and on which their request for dismissal is predicated.

### Class Action Allegations

Although defendants have not raised the point, this Court must on its own motion deal with the problem posed by plaintiffs' class action allegations.[4] Plaintiffs are *now* employees of the Skokie Police Department, and they are therefore not entitled to assert the rights of *potential* or *prospective* employees–a group to which plaintiffs do not belong–who have allegedly been the victims of discriminatory *hiring* practices.

That problem goes to the heart of this Court's basic Article III jurisdiction on "case and controversy" grounds, often characterized in terms of "standing." As the Supreme Court stated in *Warth v. Seldin*,

422 U.S. 490, 498–99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354–55 (1975):

[T]he standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf.... The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threatened or actual injury resulting from the putatively illegal action...."

In a major sense the so–called typicality requirement of Fed.R.Civ.P. 23(a)(3) and the so–called adequacy of representation requirement of Fed.R.Civ.P. 23(a)(4) are facets of the standing question.[5] But the fact that lack of standing is a jurisdictional defect under Article III militates against deferring the Court's determination on that score to a later submission on class certification, at least where the standing issues are squarely presented on the face of the Complaint.

▆▆▆ Whether on Article III grounds or applying *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), most Courts of Appeal that have considered the issue have held that a plaintiff employee who challenges an employer's discriminatory *promotion* practices may not represent a class complaining of discriminatory *hiring* practices because such claims are insufficiently similar. *Hill v. Western Electric Co., Inc.*, 596 F.2d 99, 101–2 (4th Cir. 1979), *cert.*

---

**4.** This Court has previously had occasion to consider and discuss virtually identical issues in *Badillo v. Central Steel & Wire Co.*, 495 F.Supp. 299, 305–6 (N.D.Ill.1980). Rather than seeking to reinvent the wheel, this opinion will draw much of its discussion directly from the opinion in *Badillo.*

**5.** See the recent analysis by our Court of Appeals of the class action requirements of Rule

23(a), *Patterson v. General Motors Corp.*, 631 F.2d 476 (7th Cir. 1980), including its quotation from *Schlesinger v. Reservists Committee To Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2930, 41 L.Ed.2d 706, 716 (1974):

"[Plaintiff] must possess the same interest and suffer the same injury shared by all members of the class he represents."

*denied* 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1980); *Chavez v. Tempe Union High School Dist. 213*, 565 F.2d 1087, 1094 n.10 (9th Cir. 1977); *accord, Scott v. University of Delaware*, 601 F.2d 76, 87 n.23 (3d Cir. 1979), *cert. denied* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1980); *cf. Tuft v. McDonnell Douglas Corp.*, 581 F.2d 1304, 1308 (8th Cir. 1978) and *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 922 (8th Cir. 1977). This Court does not agree with the minority view of the Fifth Circuit, *Falcon v. General Telephone Co. of the Southwest*, 626 F.2d 369 (5th Cir., 1980).

Thus plaintiffs' class allegations cannot stand as to persons other than present Skokie police officers. And because on the allegations of the Complaint there are only three female and two Black police officers including plaintiffs, they cannot satisfy the so–called numerosity requirement of Fed.R. Civ.P. 23(a)(1). All of plaintiffs' class allegations are therefore dismissed.

*Conclusion*

Because of the dismissal of plaintiffs' Title VII claims and class action claims (and because there is some validity to defendants' pleading concerns referred to in the second section of this opinion, though they do not support dismissal), it appears more orderly to require the amendment of the Complaint to enable defendants to file an appropriate responsive pleading. For that reason the Court deems the most appropriate order to be one striking the Complaint, granting plaintiffs leave to file an Amended Complaint conforming to this opinion on or before December 15, 1980 and granting defendants the right to file their answer on or before December 29, 1980. That order is hereby entered.