**Cecil O. BAILEY, et al., Plaintiffs, Appellants,**

v.

**DELTA AIR LINES, INC., Defendant, Appellee.**

**No. 83–1708.**

United States Court of Appeals, First Circuit.

Argued Nov. 10, 1983.

Decided Dec. 8, 1983.

Paul L. Nevins, West Roxbury, Mass., with whom Philip R. Olenick, Boston, Mass., was on brief, for plaintiffs, appellants.

Wilfred J. Benoit, Jr., with whom John Foskett, Laurence J. Donoghue, Deutsch, Glass & Brooks, Boston, Mass., Gregory L. Riggs, and Mary E. Raines, Atlanta, Ga., were on brief, for defendant, appellee.

Steven W. Phillips, with whom Christian M. Hoffman, and Foley, Hoag & Eliot, Boston, Mass., were on brief, for intervenor Hudson Gen. Corp.

Before COFFIN, Circuit Judge, SWYGERT,* Senior Circuit Judge, and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

Plaintiffs in this employment discrimination action are sixteen black employees of defendant Delta Air Lines (Delta) who seek preliminary injunctive relief against changes in their employment status, claiming racial discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.* In addition, ten of the plaintiffs allege violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* Plain-

---

* Of the Seventh Circuit, sitting by designation.

tiffs filed charges with the Equal Employment Opportunity Commission (EEOC) on August 1, 1983, under 42 U.S.C. § 2000e–5(e). They filed this action in the United States District Court for the District of Massachusetts on August 24, 1983, seeking a preliminary injunction to preserve the then existing employment situation pending EEOC disposition of the charges. After an initial hearing on August 29, 1983, District Judge Garrity issued a temporary restraining order. After a second hearing on September 16, 1983, District Judge Skinner issued a September 22, 1983 order denying further relief and dismissing the action for lack of subject matter jurisdiction. Plaintiffs appeal.

The controversy arose when Delta announced a plan to restructure some of its employment categories at the Logan terminal. Among the proposed changes was the elimination of in-house "skycap" service, *i.e.,* the carrying of passengers' luggage from the terminal entrance to a conveyor belt inside. The skycap positions were to be terminated as of September 1, 1983, and the former Delta skycaps offered new jobs at comparable pay in other departments; the skycap service was subcontracted to an independent agency. Plaintiffs were all employed by Delta as skycaps at the time this suit was filed. They claim that the predominantly black skycap unit was singled out for unfavorable treatment on racial grounds. Delta, on the other hand, claims that its measures are justified on legitimate business grounds of efficiency and cost savings.

We are presented at the outset with the issue of subject matter jurisdiction. The district court held that because the EEOC had not completed its investigation of the charges and had not issued a "right to sue letter" to plaintiffs, the court lacked jurisdiction "to entertain complaints for preliminary relief pending resolution of complaints pending with the EEOC." The procedural prerequisites for private actions under Title VII are set out in § 2000e–5(f)(1):

> If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], or if within one hundred and eighty days from the filing of such charge . . . the [EEOC] has not

filed a civil action . . . or the [EEOC] has not entered into a conciliation agreement to which the person aggrieved is a party, the [EEOC] . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge [ ] by the person claiming to be aggrieved . . . .

This is the only provision that expressly recognizes a private cause of action under Title VII. The EEOC, by contrast, is authorized under the same section to bring civil actions (in which the aggrieved person may intervene as of right) if it is unable to secure a conciliation agreement within thirty days after the charge is filed. In addition, the EEOC may sue for preliminary relief at an even earlier juncture.

> Whenever a charge is filed with the [EEOC] and the [EEOC] concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of [Title VII], the [EEOC] . . . may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. . . .

§ 2000e–5(f)(2). There is no reference to a comparable private right of action.

The absence of any provision authorizing aggrieved individuals themselves to sue for preliminary relief pending administrative disposition of the charge, coupled with the comprehensive scope of the procedural apparatus set out in § 2000e–5 and the evident intent of Congress to encourage out-of-court conciliation as the preferred means of resolving employment discrimination disputes, have led several district courts to conclude that no private right of action exists unless the literal requirements of § 2000e–5(f)(1), viz. filing of a charge and receipt of a right to sue letter, are met. *See Nottelson v. A.O. Smith Corp.,* 397 F.Supp. 928, 929–31 (E.D.Wis.1975); *Collins v. Southwestern Bell Telephone Co.,* 376 F.Supp. 979, 981 (E.D.Okla.1974); *Troy v. Shell Oil Co.,* 378 F.Supp. 1042, 1045–46 (E.D.Mich.1974), *appeal dismissed as moot,* 519 F.2d 403 (6th Cir.1975); *accord, Fields v. Village of Skokie,* 502 F.Supp. 456, 458–59 (N.D.Ill.1980); *Doerr v. B.F. Goodrich*

*Co.,* 484 F.Supp. 320, 323 (N.D.Ohio 1979); *Hunter v. Ward,* 476 F.Supp. 913, 917 (E.D. Ark.1979). *See also Sheehan v. Purolator Courier Corp.,* 676 F.2d 877, 887–903 (2d Cir.1981) (Markey, J., dissenting).

No circuit court of appeals, however, has fully endorsed this strict interpretation. Some courts, including this one, have relied on alternative grounds to decide cases in which the jurisdictional question was raised but was not the only available basis for denying preliminary relief. *See Manning v. Trustees of Tufts College,* 613 F.2d 1200, 1202 (1st Cir.1980) (denial on merits assuming but not deciding jurisdiction); *Hochstadt v. Worcester Foundation for Experimental Biology,* 545 F.2d 222, 226 (1st Cir. 1976) (same); *cf. Berg v. LaCrosse Cooler Co.,* 548 F.2d 211, 213–14 (7th Cir.1977) (appeal dismissed as moot); *Troy v. Shell Oil Co.,* 519 F.2d 403, 405 (6th Cir.1975) (same); *Jerome v. Viviano Food Co., Inc.,* 489 F.2d 965, 966 (6th Cir.1974) (refusing to decide jurisdictional issue because facts of instant case did not warrant relief).

Other circuit courts of appeal have gone further and held that jurisdiction does exist, even if there is no final disposition by the EEOC and no right to sue letter, in a narrow class of cases meeting the traditional equitable requirements for preliminary relief, typically in the context of employer retaliation. *See Sheehan,* 676 F.2d at 887; *McNail v. Amalgamated Meat Cutters & Butcher Workmen of North America,* 549 F.2d 538, 542 n. 10 (8th Cir.1977); *Berg v. Richmond Unified School Dist.,* 528 F.2d 1208, 1211 (9th Cir.1975), *vacated on other grounds,* 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977); *Drew v. Liberty Mutual Ins. Co.,* 480 F.2d 69, 72, *reh'g denied,* 480 F.2d 924 (5th Cir.1973), *cert. denied,* 417 U.S. 935–36, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974).

■ We are not prepared to adopt a rule categorically barring all suits for preliminary relief pending administrative disposition. In our view, there is considerable force to the argument that the statute does not require so much. Although Congress has prescribed a detailed set of procedural steps in § 2000e–5(f)(1) which must be tak-

en before an aggrieved person may bring an action on the merits of a Title VII claim, it has also provided jurisdiction in § 2000e–5(f)(2) for federal district courts to grant preliminary relief if requested to do so by the EEOC at any time after filing of the charge. This, of course, does not constitute a statutory grant of a private right of action under similar circumstances. Nevertheless, we cannot say that Congress clearly intended to divest the district courts entirely of their customary equitable authority to grant preliminary relief in appropriate cases. *See Sampson v. Murray,* 415 U.S. 61, 80, 94 S.Ct. 937, 948, 39 L.Ed.2d 166 (1974). In *Sampson,* the Supreme Court looked at the analogous question of whether a district court could properly grant temporary injunctive relief to a discharged government employee in the absence of express statutory authority, and reasoned that the jurisdictional standard could not be resolved separately from the propriety of the relief granted in that case. *Id.* at 68, 94 S.Ct. at 942. Here, as in *Sampson,* we think that the procedural requirements of Title VII should be considered in the equitable balancing process which would attend any grant of injunctive relief. *Id.* at 80, 94 S.Ct. at 948. At a minimum, an aggrieved person seeking preliminary relief outside the statutory scheme for alleged Title VII violations would have to make a showing of irreparable injury sufficient in kind and degree to justify the disruption of the prescribed administrative process and overcome the reluctance to enforce personal service contracts in equity. *Id.* at 83–84, 94 S.Ct. at 949–950.

■ We need not decide the jurisdictional issue here, for the plaintiffs in the present case have made no showing of anything even approaching the irreparable injury required to obtain preliminary relief. *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981). They have been offered new jobs at comparable salaries, and will be entitled to back pay and retroactive seniority if they prevail on the ultimate merits of their claim. These statutory remedies are fully adequate to repair any injury plaintiffs may suffer in the meantime. *See Sampson,*

415 U.S. at 91–92, 94 S.Ct. at 953–952. Moreover, a review of the hearing records reveals that plaintiffs also utterly failed to satisfy the other three basic requirements for preliminary relief, namely, injury outweighing the harm that the requested remedy would inflict on defendant, likelihood of success on the merits, and absence of adverse effect on the public interest. *Planned Parenthood,* 641 F.2d at 1009.

In light of the foregoing, we do not reach the question of what circumstances would justify a district court in granting preliminary relief in other cases. In particular, we decline to adopt a rule restricting relief to any special class of cases such as those where employer retaliation is alleged, for that problem is not presented on the facts in this case. We agree with the district court that "[n]o facts appear on this record which would lead even the most activist of courts to intervene at this stage of the proceeding," and hold only that plaintiffs are not entitled to preliminary relief.

*Case dismissed.*