Kirk HUFFMAN, Plaintiff,

v.

Vincent ANDERSON, et al., Defendants.

Civ. No. H86–29.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 10, 1987.

Richard N. Bell, Irwin B. Levin, Indianapolis, Ind., for plaintiff.

Leon R. Kaminski, LaPorte, Ind., for defendants.

### ORDER

MOODY, District Judge.

This matter is before the court on plaintiff Kirk Huffman's "Motion to Reconsid-

er" filed October 15, 1987. Defendant Gene Hains filed in opposition on October 28, 1987. For the reasons discussed below, plaintiff's motion is DENIED.

### I.

Plaintiff Huffman filed a ten-count complaint against defendant Hains and others on January 9, 1986. The complaint alleged various federal and state causes of action against Hains in connection with certain stock-valuation services Hains performed for plaintiff. Six of the original ten counts named Hains: Count I (violation of federal securities law, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–6); Count II (same federal claim as Count I); Count V (breach of state-law fiduciary duty); Count VI (state common-law fraud); Count VII (state common-law negligence); and Count VIII (violation of state-securities law, Ind.Code § 23–2–1–19 (West 1979)). Because there was not complete diversity between defendant Hains and plaintiff Huffman, the court's jurisdiction over the state law claims was necessarily pendent in nature. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d 218 (1966).

On August 18, 1986, the court granted plaintiff's own motion amending his complaint to delete defendant Hains from all counts except Count VII which was based on a state-law theory of common-law negligence. Nearly eight months later, on April 9, 1987, Hains moved to dismiss Count VII for lack of jurisdiction because all federal claims, relative to Hains, had been dismissed and there was no independent jurisdictional ground for the remaining state claim of Count VII. Plaintiff filed in response, on April 16, 1987, and argued that the court had discretion, under *Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966), to exercise pendent jurisdiction over Hains on the state claim.[1] In his motion, plaintiff Huffman raised several arguments which he thought counseled in favor of this court's exercise of pendent jurisdiction over Hains; those

arguments included: comity between state and federal courts; fairness to the litigants; judicial economy; lack of a compelling state interest; and lack of a congressional policy against pendent jurisdiction in this case. Most significant, for purposes here, is that plaintiff did not mention the running of the statute of limitations on the state-law claim in Count VII in his motion opposing dismissal.

The court took the dismissal motion under advisement and on August 25, 1986, plaintiff moved for partial summary judgment against three other defendants. Despite extensive briefing by the parties on the summary judgment motion, the court, on April 14, 1987, directed the parties to submit additional memoranda of law concerning a recent Seventh Circuit opinion dealing with the relationship between federal-security and state-fiduciary laws. Before completing the additional briefing, the parties, through plaintiff's May 28, 1987 motion for extension of time, informed the court that they had reached an agreement and were finalizing the terms of a settlement. On July 21, 1987, plaintiff and defendants Anderson, Clifford and Huffman reached a settlement and filed a stipulation of dismissal that was accepted by the court on July 22, 1987. As a result of that stipulation, only four defendants remained in the action: Hains, under a state-law claim, and a newspaper and two banks which were named in two separate counts seeking injunctive relief.

Finally, on September 22, 1987, the court ruled on Hains' pending dismissal motion by refusing to exercise jurisdiction over the remaining state-law claim. Plaintiff filed his present motion asking the court to re-evaluate its dismissal order on the ground that the statute of limitations has run on the state-law claim against Hains, thus precluding him from filing a separate state lawsuit.

### II.

The parties do not contest the general rule, established in *United Mine Workers*

---

1. Actually, because all federal claims against Hains had been dismissed, the court would have to exercise pendent-party jurisdiction over Hains. *See Zabkowicz v. West Bend Co.*, 789

F.2d 540, 545–48 (7th Cir.1986); *Vantine v. Elkhart Brass Mfg. Co., Inc.*, 762 F.2d 511, 518 (7th Cir.1985).

*v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), that when a court dismisses the federal claim before trial, it also should dismiss any pendent state claim without prejudice. *Id.* at 726–27, 86 S.Ct. at 1139–40. As this court noted in its dismissal order, "[w]hen, as here, the federal claim is dismissed before trial, the district court *should* relinquish jurisdiction of any pendent state law claim unless there is some independent basis of federal jurisdiction, such as diversity of citizenship." *Maguire v. Marquette University*, 814 F.2d 1213, 1215 (7th Cir.1987) (emphasis added) (citing *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139); *see also Hemmings v. Barian*, 822 F.2d 688, 690–91 (7th Cir.1987); *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 810–11 (7th Cir.1987). There are exceptions to this general rule and one such exception "occurs where the statute of limitations has run on the pendent claim, precluding the filing of a separate state lawsuit." *Moses v. Kenosha County*, 826 F.2d 708, 711 (7th Cir.1987) (citing *O'Brien v. Continental Illinois National Bank & Trust*, 593 F.2d 54, 65 (7th Cir.1979)). Plaintiff argues that he falls within this exception because the statute of limitations has run on his state claim against Hains. Normally, the court would agree, however, in this case, plaintiff failed to raise his limitations problem in a timely manner.

Plaintiff Huffman does not cite to any federal rule in support of his motion for reconsideration, and there is no mention of a "motion to reconsider" in the Federal Rules of Civil Procedure. *See National Union Five Insurance v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D.Ill. 1987) (citing *Settino v. City of Chicago*, 642 F.Supp. 755 (N.D.Ill.1986)). As Judge Shadur commented in *Settino*, "Plaintiff['s] counsel betray[s] an all-too-prevalent misconception of the litigation process, in which the knocked-out combatant seeks to portray what has taken place as a mere warmup rather than the main event." *Settino*, 642 F.Supp. at 759. In the present

case, the main event commenced on April 9, 1987, when defendant Hains filed his motion to dismiss. Plaintiff responded but did not raise the statute-of-limitations problem; in fact, plaintiff did not address the statute of limitations until his most recent filing on October 15, 1987. "[A] trial judge may properly depend upon counsel to apprise him of the issues for decision. He is not obligated to conduct a search for other issues which may lurk in the pleadings." *Libertyville Datsun Sales v. Nissan Motor Corp.*, 776 F.2d 735, 737 (7th Cir.1985) (quoting *Desert Palace, Inc. v. Salisbury*, 401 F.2d 320, 324 (7th Cir.1968)); *see also Toney v. Burris*, 829 F.2d 622, 626 (7th Cir.1987).

Reconsideration might be appropriate when the applicable law or known facts have changed since an issue was submitted to the court. *Settino*, 642 F.Supp. at 759; *see also Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). Under the present circumstances, according to plaintiff's own motion, the two-year statute of limitations expired in January or February of 1987;[2] however, defendant's dismissal motion was not filed until April of 1987. Thus, at the time of plaintiff's response, April 16, 1987, he was or should have been well aware of the expiration of the limitations period. Moreover, the court did not actually rule on the motion until September 22, 1987, some five months later. Plaintiff had ample opportunity to apprise the court of the expiration of the limitations period. Thus, there has been no change in the facts since the dismissal motion was filed.

It is possible for plaintiff to seek relief under Fed.R.Civ.P. 60(b) on the grounds of mistake or excusable neglect, but he has not done so. This is not entirely surprising because, as the facts show, it appears that plaintiff carelessly overlooked the limitations problem; and, carelessness is not grounds for a successful Fed.R.Civ.P. 60(b) motion. *See Passarella v. Hilton Interna-*

---

2. According to plaintiff's brief, the statute of limitations in Indiana for the common-law negligence claim is two years. *See* Ind.Code § 34–1–2–2. Plaintiff's amended complaint alleges that Hains committed the negligent acts sometime between January 2 and February 18, 1987.

*tional Co.*, 810 F.2d 674, 678 (7th Cir.1987). Furthermore, because plaintiff has failed to raise a Rule 60 argument here, any future Rule 60 motions must not only explain *why* the statute-of-limitations problem was not raised in April of 1987, but also, *why* that explanation was not submitted to the court for its consideration today.

### III.

Finally, the court observes that under Indiana law it is possible that plaintiff's state-law claim against Hains may not be time barred. The Indiana legislature has enacted a savings clause in its statute of limitations which, under the appropriate circumstances, operates to extend the normal limitations period for five years. *See* Ind.Code § 34–1–2–8.[3] This savings clause has been found applicable in cases where a state-law claim was first brought in federal court only to be dismissed on jurisdictional grounds. *Torres v. Parkview Foods*, 468 N.E.2d 580 (Ind.App.1984). Thus, it is arguable that plaintiff does not even fall within the limited exception to the *Gibbs*-dismissal rule.

### CONCLUSION

Based on the foregoing reasons, the court ORDERS that plaintiff's motion to reconsider is hereby DENIED.

---

**3.** New actions; continuation of action

If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.
Ind.Code § 34–1–2–8.