**Dee Brown WALKER, Appellant,**

v.

**EMPLOYEES RETIREMENT SYSTEM OF TEXAS, Appellee.**

No. 3–87–157–CV.

Court of Appeals of Texas, Austin.

June 29, 1988.

Rehearing Denied Aug. 10, 1988.

Claudia E. Decker, Kelsoe & Kelsoe, P.C., Dallas, for appellant.

Jim Mattox, Atty. Gen., Celina Romero, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, BRADY and ABOUSSIE, JJ.

ABOUSSIE, Justice.

Dee Brown Walker appeals a district court judgment affirming the decision of the Employees Retirement System denying him an additional 10% retirement annuity under 1981 Tex.Gen.Laws, ch. 453, § 1, at

1973 [Tex.Rev.Civ.Stat.Ann. Title 110B, § 44.102(b), since amended]. We will affirm the judgment of the district court.

The Texas Constitution directs the Legislature to provide for the retirement and compensation of judges and to set the benefits of the judicial retirement system. *See* Tex.Const.Ann. art. V, § 1–a; art. XVI, § 67(d) (Supp.1988). Section 1–a, art. V of the Texas Constitution requires that the office of every judge or justice shall become vacant when the incumbent reaches the age of 75 years or such earlier age, not less than 70 years, as prescribed by the Legislature.

At the time of Judge Walker's retirement in 1984, the Legislature had provided for voluntary judicial retirement before age 75. Section 44.102(b) of the Judicial Retirement System of Texas provided in part:

> (b) ... the retirement system of this section shall increase by 10 percent of the amount of the applicable state salary ... the annuity of a member who retires:
>
>> (1) before becoming 71 years old; or
>>
>> (2) at any age immediately after becoming eligible to retire under Section 44.101 of this subtitle.

Judge Walker voluntarily retired at the age of 72, after serving over 21 years as a District Court Judge in Dallas County. He was not required by law to retire at that time and could have continued, subject to the electorate, for roughly three more years. On the other hand, he could have retired sooner than he chose to do.

Due to his selection of his retirement date, however, Judge Walker was denied the additional 10% annuity. Because he did not retire immediately upon becoming eligible or before reaching age 71, he was not entitled to the additional benefits provided in § 44.102(b) for those who meet the statutory requirements.

In his only point of error, appellant alleges broadly and generally that the trial court erred "in entering judgment for Appellee because Tex.Rev.Civ.Stat. Title 110(b) [110B] violates both the Federal and State Constitutions." Appellant specifically complains, without citing any provision of the United States or Texas Constitutions, that this statutory system classifying employees on the basis of age must be rationally related to the legislative purpose of the statute for it to withstand scrutiny under the United States and Texas Constitutions. He complains that there is no rational basis between the stated purpose of the judicial retirement system (to provide retirement benefits to judges) and a statute which "penalizes" judges for failing to retire before the constitutionally mandated age (75). The implied thrust of appellant's argument appears to be that former § 44.102(b) is unconstitutional under the state and federal equal protection clauses because it bears no rational relationship to its purpose.

A court must begin its analysis by presuming a statute's constitutionality, whether the basis of the constitutional attack is grounded in due process or equal protection. *Whitworth v. Bynum,* 699 S.W.2d 194, 197 (Tex.1985). It is undisputed that "... equal protection analysis ... requires us to 'reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose.'" *Sullivan v. University Interscholastic League,* 616 S.W.2d 170, 172 (Tex.1981), *citing McLaughlin v. Florida,* 379 U.S. 184, 191, 85 S.Ct. 283, 287, 13 L.Ed.2d 222 (1964). Age has never been held to be a suspect classification requiring strict scrutiny under an equal protection analysis; therefore, *any* rational basis may justify the classification. *Texas Woman's University v. Chayklintaste,* 530 S.W.2d 927, 928 (Tex.1975), *citing Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) (emphasis added).

This Court could speculate that the Legislature rationally determined that, in the interest of judicial efficiency and the encouragement of younger attorneys with judicial aspirations, the incentive of a greater retirement annuity for a judge who retires as soon as eligible or before becoming 71 years old was reasonable. *See Rubino v. Ghezzi,* 512 F.2d 431, 433 (2nd Cir.1975), *cert. denied,* 423 U.S. 891, 96 S.Ct. 187, 46 L.Ed.2d 122 (1975). Similarly, the Legislature rationally could have treated judges retiring at a younger age differently from others on the ground that work of judges makes unique and exacting demands on the

faculties which age tends to erode. *See Trafelet v. Thompson,* 594 F.2d 623, 627 (7th Cir.1979), *cert. denied,* 444 U.S. 906, 100 S.Ct. 219, 62 L.Ed.2d 142 (1979). Likewise, the Legislature rationally could have perceived that encouraging retirement before age 71 by providing a 10% increase in retirement annuity establishes a younger, more vigorous judiciary. *See Fazekas v. University of Houston,* 565 S.W.2d 299, 308 (Tex.Civ.App.1978, writ ref'd n.r.e.), *appeal dismissed,* 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979).

■ However, we need not ascertain the subjective motivation with which the Legislature acted. *Massachusetts Indemnity and Life Insurance Co. v. Texas State Board of Insurance,* 685 S.W.2d 104 (Tex. App.1985, no writ), *citing Daniel v. Family Security L. Ins. Co.,* 336 U.S. 220, 69 S.Ct. 550, 93 L.Ed. 632 (1949). Instead, we need only look to the Judicial Retirement System and the Texas Constitution to ascertain and give effect to the intent of the Legislature. *See Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593, 599 (Tex. 1975). The intent underlying art. V, § 1–a of the Texas Constitution, which establishes mandatory retirement standards for judges and authorizes the Legislature to prescribe for retirement within those standards, was stated by the Texas Supreme Court:

> The reason for the amendment and its purpose are matters of common knowledge. Judges did not always retire when they should and some were reelected after the infirmities resulting from age made it impossible for them to render effective service.

*Werlein v. Calvert,* 460 S.W.2d 398, 401–402 (Tex.1970).

■ The announced legislative purpose behind the Judicial Retirement System is to establish a program of benefits for members, retirees, and other beneficiaries of the retirement system, and to establish rules for the management and operation of the retirement system. Tex.Rev.Civ.Stat. Ann. Title 110B, § 41.002 (1988). Section 41.002, as amended, is broadly stated and does not speak to the specific purpose of

former § 44.102(b). However, we hold that a provision such as former § 44.102(b), that encourages and compensates voluntary retirement at an age within the constitutionally mandated range between age 70 and age 75, reasonably fits within the general purpose of the Judicial Retirement System to establish a "program of benefits." Furthermore, the purpose for providing voluntary retirement is similar to and reasonably related to the purpose of the mandatory retirement prescribed under art. V, § 1–a of the Texas Constitution.

■ Finally, appellant argues that the trial court erred because § 44.102(b) violates the United States Constitution by impairing voters' ability to express their political preferences. In his original petition, appellant's only complaint was that the statute was "unconstitutional and void as to the age limitations under the provisions of Article I, Section 19 of the Texas Constitution and Amendments 5 and 14 of the United States Constitution." Additionally, in a trial brief, appellant argued that the statute conflicted with Tex. Const. art. XVI, § 17, which requires all officers of the state to continue with their duties until their successors are qualified. Even assuming appellant has the standing to assert this argument in the voters' behalf, presumably, the voters are free to select a judge who falls within the targeted range. The judge's choice to retire is a matter of public inquiry during an election. The voters are no less deprived if a judge is elected at age 73 and has no choice but to retire before his term ends. Appellant fails to show, and the record does not reflect, that appellant's argument concerning the impairment of voters' rights was considered by the trial court. A constitutional challenge not raised properly in the trial court is waived on appeal. *Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807, 813 (Tex.1959).

Appellant contends that the system penalizes those judges who serve as long as the law allows. It might as easily be argued that the system provides an incentive and rewards those who retire before the eleventh hour.

If the challenged provision of the Judicial Retirement Act were declared unconstitutional, it would be stricken and of no further legal effect. We note that, even if appellant were correct in his constitutional attack on § 44.102(b), the result would not be to increase his retirement, but instead the base retirement pay provision found elsewhere in the statute would control. One cannot successfully challenge the constitutionality of a provision and still retain its benefits. *See Fahey v. Mallonee,* 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947); Tex.Gov't Code § 311.032(c) (1988). Appellant's point of error is overruled and the judgment affirmed.